UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| RAYMOND L. HADDON,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA ,<br><br>　　　　　　　　Respondent. | CIVIL NO.: 07-63-C-EJL<br><br>**MEMORANDUM ORDER** |

　　　　Pending before the Court in the above-entitled matter is Petitioner Raymond Haddon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1) which was filed on February 8, 2007. The Government moved to dismiss the § 2255 motion on March 5, 2007 or in the alternative for an extension of time to file a response to the motion (Docket No. 4). Petitioner Haddon filed a brief in opposition to the motion to dismiss.

　　　　　　　　　　　　　　　　Timeliness

　　　　On April 24, 1996, the amendment to 28 U.S.C. § 2255 became effective. The amendment limited the time in which to file a §2255 motion to one year after the date the judgment of conviction becomes final. In the present case, the judgment of conviction was entered on February 24, 2006. Petitioner filed a notice of appeal on March 2, 2006 (Docket No. 165). The appeal was voluntarily dismissed and the

**MEMORANDUM ORDER**
1

mandate issued by the Ninth Circuit was received by the District Court on May 1, 2006 (Docket No. 182). The § 2255 motion was filed on February 8, 2007, so the motion is timely filed.

## Factual Background

The indictment in this case was filed on April 6, 2005. The Court granted two motions to continue the trial which were filed by Petitioner Haddon. The Court granted Petitioner Haddon's and co-defendant Perrigo's motions for the issuance of subpoenas for witnesses to appear on the defendants' behalf at trial. A jury was selected for the trial on November 28, 2005. Prior to proceeding with opening statements and the evidence, the Petitioner entered a pleas of guilty on Count 2 for money laundering and Count 18 for the forfeiture of certain property on November 29, 2005. Numerous other counts were dismissed in exchange for the plea. After the Court departed downward, the Petitioner was sentenced on Count 2 to 16 months imprisonment, 3 years supervised release, 60 hours of community service and $100 special assessment. A final order of forfeiture was entered by the Court related to Count 18.

Petitioner claims ineffective assistance of counsel based on counsel's failure to determine Petitioner's ability to understand plea bargain process as Petitioner was on medication; failure by counsel to inform defendant if he had independently investigated and interviewed witnesses; and failure to protect defendant from prosecutorial misconduct when the prosecutor allegedly indicated she would put

**MEMORANDUM ORDER**
2

Petitioner's wife in jail. The Petitioner's wife was a co-defendant case and entered a plea to misprision.

## Motion to Dismiss

The Government moves to dismiss the § 2255 motion arguing Petitioner waived his right to bring a § 2255 claim for actions by his counsel that occurred before he entered his pleas of guilty with the Court. Petitioner responds his pleas were not knowingly and intelligently made so the waiver is not effective.

The Government indicates in its motion to dismiss that it has requested the plea hearing transcript be transcribed. The Court takes judicial notice of the plea hearing transcript filed as Docket No. 200.

The Plea Agreement (Docket No. 127) signed by Petitioner and his counsel states in part:

> The defendant is also aware that under certain circumstances a defendant has the right to collaterally challenge defendant's sentence through a habeas petition such as a motion pursuant to Title 28, United States Code, Section 2255. Acknowledging this, in exchange for the other terms of this Agreement, the defendant knowingly and voluntarily gives up (waives) defendant's rights to contest defendant's pleas, conviction, or sentence in any post-conviction proceeding, including any proceeding authorized by Title 28, United States Code, Section 2255, except as to an appeal claiming ineffective assistance of counsel based upon facts discovered <u>after</u> the entry of defendant's guilty pleas.

Plea Agreement, p. 12, Section VII (emphasis in original) (Docket No. 127).

During the plea hearing, the Court had the Petitioner sworn before he answered certain questions:

> The Court: For the record, sir, how old are you?

**MEMORANDUM ORDER**

> The Defendant: Fifty-eight.
> The Court: The extent of your formal education?
> The Witness [Defendant]: High school, GED, a two year degree in criminal justice.
> The Court: So in your discussions with counsel, did you feel you understood what he was advising you of?
> The Defendant: Yes.
> The Court: You have had adequate time to be with your attorney, of course, before you made your appearance here today?
> The Defendant: Yes.
> The Court: Are you satisfied in all respects with the services of your counsel?
> The Defendant: Yes.
> The Court: During the last 24 hours, have you taken any kind of medications, drugs, prescribed or otherwise, that would have any bearing on your ability to understand the nature of these proceedings?
> Mr. Miller [Defendant's counsel]: Your Honor, if I may. He does suffer injuries that require him to take pain medication and he is currently on that pain medication.
> As far as the secondary response to that, I will yield to the defendant on whether or not he can knowingly [ ] with that drug in his system.
> The Defendant: I am fine, sir.
> The Court: That drug or drugs do not affect your ability to understand what the Court is asking you?
> The Defendant: No, sir.

Plea Hearing Transcript, pp. 2-3 (Docket No. ).

Petitioner agreed he had gone over each and every paragraph of the Plea Agreement with his attorney. Plea Hearing Transcript, p. 14. Petitioner also agreed that he was not threatened, coerced or pressured in any way to sign the Plea Agreement. <u>Id.</u> As to the waiver of appeal rights, the Court inquired:

> The Court: You have agreed to waive any and all appealable rights, post-conviction writs, things of that nature except for two areas and that would be if the Court erred in sentencing or if there was ineffective assistance of counsel from this point forward. Those are the

**MEMORANDUM ORDER**

4

>   only two areas you have reserved for possible appeal.
>   Did you do that voluntarily and of your own free will?
>   The Defendant: Yes, sir.

Plea Hearing Transcript, pp. 17-18.

The law concerning waiver of appeal rights is settled:

> Waiver of a statutory right to appeal is reviewed de novo. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991). A defendant may waive a statutory right to appeal his sentence. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 503 U.S. 942, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992). However, an express waiver of the right to appeal is valid only if knowingly and voluntarily made. Bolinger, 940 F.2d at 480. This court looks to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily. Id. In reviewing a waiver of appeal, we must also focus also upon the language of the waiver to determine its scope. See e.g. United States v. Johnson, 67 F.3d 200 (9th Cir.1995). Further, we have recognized that the waiver of a right to appeal may be subject to certain exceptions such as claims involving a breach of the plea agreement, racial disparity in sentencing among codefendants or an illegal sentence imposed in excess of a maximum statutory penalty. See Id, at 202, n. 4 (citations omitted); see also United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir.1995) (waiver of appeal does not preclude claim that restitution exceeded statutory authority); United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) (waiver of appeal subject to limited exceptions), cert. denied, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 850 (1995). At least one court has noted that proper enforcement of appeal waivers serves an important function in the judicial administrative process by "preserv[ing] the finality of judgments and sentences imposed pursuant to valid plea agreements." United States v. Rutan, 956 F.2d 827, 829 (8th Cir.1992).

United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996). Stated another way, a defendant's waiver of his right to appeal is enforceable if: (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal; and (2) the waiver is knowingly and voluntarily made. United States v. Martinez, 143 F.3d 1266, 1270-71 (9th Cir. 1998) (citing Baramdyka).

In the present case, Petitioner has made no showing that his waiver was invalid. In fact, the transcript of the plea hearing indicates the waiver was addressed by the Court and the Petitioner acknowledged the limited exceptions for collaterally attacking his sentence or conviction. Based on the written terms of the Plea Agreement, Petitioner Haddon's relief based on ineffective assistance of counsel must be based on facts discovered <u>after</u> the guilty plea was entered. Haddon agreed he had gone over each portion of the Plea Agreement with his attorney. Now with hindsight, Haddon alleges dissatisfaction with his attorney, but he does not allege any new facts that did not exist at the time he pled guilty.

Clearly, the fact that Petitioner was on medication was disclosed to his attorney and the Court. The Petitioner indicated that he was not affected by the medication and understood the proceedings, had adequate time to meet with his attorney and was satisfied in all aspects with his attorney's representation. This ground for relief must be denied as it did not occur after the plea was entered.

Moreover, the Court finds the claim Petitioner's counsel did not inform him of the attorney's investigation and witness interviews is inconsistent with the facts

**MEMORANDUM ORDER**

that counsel had two continuances to prepare for trial, the Court granted Petitioner's motion for a forensic accountant to aid in the defense, subpoenas were issued by the Court for witnesses to be called on Petitioner's behalf and the jury had been selected in this case when Petitioner decided to enter his plea.  A Petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," *and* (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687-690 (1984).  Mere conclusory allegations do not prove that counsel was ineffective.  See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989).  A defendant fails to state a claim for ineffective assistance if he fails to allege facts sufficient to meet *either* the "performance" or "prejudice" standard, and the district court may summarily dismiss his claim.

The Court has reviewed the Petitioner's § 2255 motion, and the entire record herein, and concludes that even assuming the Petitioner has alleged facts sufficient to state a claim of ineffective assistance of counsel, the Petitioner has failed to allege facts sufficient to satisfy the "prejudice" prong of the two part test of ineffective assistance of counsel.  Specifically, the Petitioner has failed to demonstrate there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of his case would have been different.

Third, Petitioner's claim of prosecutorial misconduct of threatening to put his wife in jail occurred before his plea was entered and was not prosecutorial misconduct since Petitioner's wife was a co-defendant in the case. The prosecutor agreed as part of the plea negotiations that Petitioner's wife would plead to misprision and the prosecutor would recommend probation which his wife received. This simply does not rise to the level of coercion and the Petitioner answered he had not been threatened or coerced or pressured to enter his plea.

Based on the above analysis, the motion to dismiss must be granted as the Court finds Petitioner Haddon made a knowing and voluntary waiver of his right to seek post-conviction relief in his Plea Agreement and his claims of ineffective assistance of counsel all relate to facts that existed <u>prior</u> to the time he entered his plea of guilty and are barred by his waiver of certain claims. Furthermore, Petitioner Haddon has failed to establish the prejudice prong of the ineffective assistance of counsel analysis.

## Order

Being fully advised in the premises, the Court hereby orders that the Government's motion to dismiss Petitioner's § 2255 motion (Docket No. 4 is GRANTED and Petitioner's § 2255 motion is hereby DISMISSED WITH PREJUDICE IN ITS ENTIRETY.

**MEMORANDUM ORDER**

**SO ORDERED**.

DATED: **April 30, 2007**

Honorable Edward J. Lodge
U. S. District Judge